JUDGE LINDBERG
MAGISTRATE JUDGE COX
Case 1:07-cv-06898   Document 1   Filed 12/06/2007   Page 1 of 4

FILED
DECEMBER 6, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| EVAN FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6898 |
| v. | ) | |
| | ) | |
| BAY AREA CREDIT SERVICE, INC. | ) | |
| and BAY AREA CREDIT SERVICE LLC, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff Evan Frank files this complaint against Defendants Bay Area Credit Service, Inc. and Bay Area Credit Service LLC for their unfair, deceptive and unlawful debt collection activities committed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

*Parties*

1.  At all times relevant to this complaint, Plaintiff Evan Frank resided within this district.

2.  Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendants sought to collect from him is a consumer debt, allegedly incurred for personal, family or household purposes and purportedly owed to T-Mobile.

3.  Defendants Bay Area Credit Service, Inc. and Bay Area Credit Service, LLC (collectively "Bay Area Credit") are both California corporations that regularly send collection correspondence and place collection calls into the State of Illinois. On information and belief,

1

both entities appear to operate out of the same location, which is registered to Bay Area Credit Services, Inc., and both appear to act as one entity.

4. Bay Area Credit is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Bay Area Credit is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

*Jurisdiction and Venue*

5. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since Defendants transact business in this district and the activities giving rise to Plaintiff's cause of action occurred in this district.

## COUNT I
*Violations of the Fair Debt Collection Practices Act*

7. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-6 as if set forth fully in this Count.

8. In December of 2006, on a date better known by Defendants, Bay Area Credit attempted to collect an alleged consumer debt from Plaintiff.

9. On or about December 27, 2006, Defendants sent an initial collection letter to Plaintiff attempting to collect an alleged debt to T-Mobile in the amount of $129.77.

10. On or about January 15, 2007, Defendants started making numerous phone calls to Plaintiff, intensifying its collection efforts.

11. Each and every time Defendants would call Plaintiff, Plaintiff would advise the collection representative on the phone that he disputed the alleged T-Mobile debt.

12. In fact, Plaintiff had disputed the alleged debt with T-Mobile even prior to being sent to collections because, among other things, Plaintiff experienced major service disruption, his hardware failed, and T-Mobile would not honor its warranty.

13. When the collection calls and letters did not stop, on or about March 27, 2007, Plaintiff sent a letter to Bay Area Credit under § 1692c of the FDCPA.

14. Plaintiff's March 27, 2007 letter requested that Defendants cease all further communications and advised that he disputed the debt in its entirety.

15. Defendants' calls continued despite the March 27, 2007 letter.

16. Therefore, on or about April 24, 2007, Plaintiff sent an additional copy of the March 27, 2007 letter to Defendants via certified mail.

17. Plaintiff's April 24, 2007 letter was received by Defendants on April 30, 2007, according to the United States Postal Service.

18. Once again, Defendants did not honor Plaintiff's request and continued to repetitively call Plaintiff regarding the disputed account.

19. 15 U.S.C. § 1692c(c) provides as follows:

CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

    (1) to advise the consumer that the debt collector's further efforts are being terminated;

    (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

20.     Plaintiff sent the appropriate cease communication letter to Defendants yet Defendants continued to communicate with Plaintiff, in violation of 15 U.S.C. § 1692c(c).

21.     Should discovery reveal that Defendants have ignored the cease communication letters of more than 20 persons in the year prior to the filing of this complaint, Plaintiff may seek to amend to add class allegations against Defendants.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant Bay Area Credit Service, Inc. and Bay Area Credit Service LLC and award damages as follows:

(A)     Statutory damages as provided under the FDCPA, 15 U.S.C. § 1692k;

(B)     Attorney's fees, litigation expenses and costs incurred in bringing this action;

(C)     Any other relief this Court deems appropriate and just under the circumstances.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808